THOMPSON, Judge.
Abbott appeals a conviction of grand theft upon a nolo contendere plea entered subject to a reservation of the right to appeal the denial of his motion to dismiss the indictment. Abbott argues the indictment was tainted by the state’s use of information gathered in violation of his Fifth Amendment rights. We affirm.
On August 2, 1981, Abbott was indicted on two counts of grand theft. The first count charged that on May 8, 1980, Abbott obtained a loan in excess of $15,000 from the Royal Trust Bank of Jacksonville (the Bank) by use of a financial statement which contained false representations as to his assets and financial condition. The second count charged that defendant obtained a $30,045 loan from the Bank on June 6,1980, by falsely representing to the Bank that he owned certain restaurant equipment used as collateral for the loan. Abbott moved to dismiss the indictment on grounds that he had been granted use immunity by the Federal Bureau of Investigation (FBI) and that the state indictment was obtained with the use of information he had given the FBI under his grant of immunity. If the indictment had been obtained through the use of any information given by Abbott pursuant to his grant of immunity from the FBI, we would agree that his Fifth Amendment rights had been violated. However, the state’s attorney contends he had sufficient evidence to indict and prosecute Abbott on both counts on September 8, 1980, almost a year prior to the indictment, and before the state received from the FBI any of the self-incriminating evidence Abbott supplied to the FBI.
The trial judge denied the motion to dismiss and found that as a result of a separate and independent investigation, conducted prior to receipt of any information from federal authorities, the state attorney had sufficient evidence to indict and prosecute Abbott on Count I on September 5, 1980, and had sufficient evidence to indict and prosecute him on Count II on September 8, 1980. Accordingly, the state’s material was not tainted by any information received from the federal authorities. The trial judge further found that the delay in the indictment from those dates until August 2, 1981, was the result of a request from the United States’ Attorney that the state delay the filing of charges in order that Abbott could cooperate with the Federal Government, and that the delay was not the result of any bad faith or inability to prosecute on the state’s part.
The trial judge’s finding that the indictment was not tainted should not be reversed unless clearly erroneous. See United States v. Provenzano, 620 F.2d 985, 1005 (3d Cir.), cert. denied, 449 U.S. 899, 101 S.Ct. 267, 66 L.Ed.2d 129 (1980); United States v. Romano, 583 F.2d 1, 7 (1st Cir.1978); and United States v. Jones, 542 F.2d 186, 199 (4th Cir.1976), cert. denied, 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 375 (1976). The findings of the trial judge herein are not clearly erroneous. On the contrary, the findings are supported by the overwhelming weight of the evidence.
United States v. McDaniel, 482 F.2d 305 (8th Cir.1973), which found the Federal Government had failed to show that tainted evidence from immunized testimony had not been used, is factually distinguishable from this case. Prior to obtaining an indictment against the defendant in McDaniel, the United States’ attorney had read a transcript of the defendant’s testimony given before a state grand jury pursuant to a grant of immunity. In this case, as a result of a separate independent investigation, the *1027 state had sufficient evidence to indict and prosecute Abbott on both counts prior to receipt of any information from federal authorities. Accordingly, unlike in McDaniel, the indictment in question was not tainted.
AFFIRMED.
WIGGINTON, J., concurs.
ERVIN, C.J., dissents.